UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20320-Civ-COOKE/TORRES

MSPA CLAIMS 1, LLC,
an assignee of Florida Healthcare Plus,

    Plaintiff,

vs.

INFINITY AUTO INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff's claims arise from Defendant's alleged failure to reimburse a Medicare Advantage Organization ("MAO") for medical payments made on behalf of an enrollee. Plaintiff alleges that Defendant was obligated to pay for the enrollee's medical expenses, related to an automobile accident, under the Medicare Secondary Payer Act and its implementing regulations. Plaintiff further alleges that it has standing to bring suit against Defendant to recoup payments made by Florida Healthcare Plus ("FHCP"), a Health Maintenance Organization and participant in the Medicare Program pursuant to a Medicare Advantage Plan, as a result of FHCP's assignment of its right of reimbursement to La Ley Recovery Systems, Inc. ("La Ley"), and La Ley's subsequent assignment of its rights to Plaintiff. *See* Am. Compl. ¶¶ 52 – 54, ECF No. 16. As such, Plaintiff, as the alleged assignee of FHCP, seeks "reimbursement of all sums, on a fee-for-service basis, that Plaintiff's assignor HMO/MAO was billed for medical care and treatment on behalf of its . . . enrollees for which Defendant(s) was responsible as primary payer." *Id.* at 2.

In response, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Motion to Strike (ECF No. 25). Defendant argues for dismissal of Plaintiff's Amended Class Action Complaint for Damages ("Amended Complaint") (ECF No. 16) because, in part, Plaintiff lacks standing to bring this suit. The motion is now ripe for review.

After reviewing the Motion, the response and reply thereto, the record, and relevant legal authorities, Defendant's Motion to Dismiss is granted.

## I. LEGAL STANDARD

Standing is a threshold jurisdictional question. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction. *Id*. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On the other hand, factual attacks challenge the existence of subject matter jurisdiction using material outside of the complaint, such as testimony and affidavits. *Id.* Where, as here, the challenge is factual, the trial court does not accept the allegations of the complaint as true, but considers testimony and affidavits irrespective of the complaint. *Id*. A dismissal for lack of subject matter jurisdiction should be entered without prejudice because it is not a judgment on the merits. *Stalley*, 524 F.3d at 1232.

## II. DISCUSSION

Plaintiff alleges that FHCP assigned its rights of reimbursement to La Ley and that, in turn, La Ley assigned its rights to Plaintiff. In support of this assertion, Plaintiff cites from various "assignment agreements" but, importantly, fails to attach the full assignment agreement between FHCP and La Ley to its Amended Complaint; only a redacted version is attached. *See* ECF No. 16-1. The full assignment agreement, however, is attached to Defendant's present Motion. *See* ECF No. 25-6 at 8 – 12. The unredacted version of the agreement reveals Plaintiff has no standing.

In particular, the assignment agreement states as follows: "La Ley Recovery may assign the Agreement in whole or in part but the assignee must be approved by [FHCP]." *Id.* at 9. While FHCP may have assigned its rights to La Ley, Plaintiff has failed to allege that

La Ley validly assigned its rights to Plaintiff; that is, whether La Ley assigned its rights to Plaintiff upon the approval of FHCP. Thus, Plaintiff does not have standing to bring this action because it has not been validly assigned the right to do so. *See MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co.*, 16-CV-20401-MGC, ECF No. 61 (S.D. Fla. Aug. 25, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, No. 16-CV-20459-KMM, ECF No. 42 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 16-CV-20460-KMM, ECF No. 27 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-CV-20212-JLK, ECF No. 35 (S.D. Fla. July 27, 2016).

Additionally, Plaintiff asks this Court to take judicial notice of certain court documents filed in case number 2014 CA 2762 in the Second Judicial Circuit of Leon County, Florida. *See* ECF No. 52. These documents include a settlement agreement entered into between the Florida Department of Financial Services as Receiver of FHCP, La Ley, and Plaintiff (among other entities) in June 2016 that resolves any remaining disputes between the parties as to their rights. *See* ECF No. 52-1. But reviewing these documents, the Court notes that this settlement agreement was entered into months after Plaintiff initiated this action. As such, to the extent Plaintiff intends on relying upon the assignment language in the settlement agreement to substantiate its argument that it was validly assigned the claims at issue in this action, Plaintiff's argument must fail because, as Plaintiff well knows, standing cannot be created after a complaint has been filed; it must exist at the time of the filing of the complaint. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003).

### III. CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Motion to Strike (ECF No. 25) is **GRANTED**. Plaintiff's Amended Class Action Complaint for Damages ("Amended Complaint") (ECF No. 16) is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 30th day of August 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*