UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20320-Civ-COOKE/TORRES

MSPA CLAIMS 1, LLC,
an assignee of Florida Healthcare Plus,

    Plaintiff,

vs.

INFINITY AUTO INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before me on Plaintiff MSPA Claims 1, LLC's ("Plaintiff") Motion for Leave to Amend and Motion for Rehearing and/or Reconsideration of This Court's August 30, 2016 Order Granting Defendant's Motion to Dismiss ("Motion for Reconsideration") (ECF No. 67). Defendant Infinity Auto Insurance Company ("Defendant") filed its Response in Opposition (ECF No. 70), after which Plaintiff filed its Reply (ECF No. 71). Both Parties submitted several Notices of Supplemental Authority. *See* ECF Nos. 72–79. The matter is now ripe for review.

### I.     BACKGROUND

Plaintiff filed this cause of action pursuant to the Medicare Secondary Payer Act ("MSPA") against Defendant for refusing to reimburse payments made by a Medicare Advantage Organization ("MAO"), Florida Healthcare Plus ("FHCP"), on behalf of an FHCP enrollee. *See* 42 U.S.C. § 1395y(b)(3)(A). FHCP assigned its subrogation claims, recovery, and reimbursement rights to La Ley Recovery Systems, Inc. ("La Ley"). *See* Am. Compl., ECF No. 16, ¶¶ 52–54. La Ley was permitted to further assign the agreement, in whole or in part, but the assignee had to be approved by FHCP. *See* ECF No. 25-6, at 9. ("La Ley Recovery may assign the Agreement in whole or in part but the assignee must be approved by [FHCP]."). La Ley assigned all of the rights it received to MSP Recovery, LLC, who then assigned all of its rights to Plaintiff. *See* ECF No. 16-1 at 7–8.

1

On August 30, 2016, I entered an Order Granting Defendant's Motion to Dismiss ("Dismissal Order") (ECF No. 66) on the grounds that "Plaintiff does not have standing to bring this action because it has not been validly assigned the right to do so." *Id.* at 3 (citing *MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co.*, 16-CV 20401-MGC, ECF No. 61 (S.D. Fla. Aug. 25, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, No. 16-CV-20459-KMM, ECF No. 42 (S.D. Fla. August. 3, 2016); *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.*, 16-CV-20460-KMM, ECF No. 27 (S.D. Fla. Aug. 3, 2016); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-CV-201212-JLK, ECF No. 35 (S.D. Fla. July 27, 2016)). Plaintiff now moves for reconsideration of the Dismissal Order under Federal Rule of Civil Procedure 59(e).

## II. LEGAL STANDARD

Under Rule 59(e), a party may file a motion for the court to "alter or amend a judgment." Fed. R. Civ. P. 59(e). There are three major grounds upon which a court will grant a motion for reconsideration: (1) where there is an intervening change in controlling law; (2) where there is new evidence available; and (3) where there is a need for the court to correct clear error or manifest injustice. *See Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007). "The decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

## III. DISCUSSION

Plaintiff makes several arguments for reconsideration. First, Plaintiff argues that the Court committed a clear error of law by granting Defendant's Motion to Dismiss (ECF No. 25) before ruling on Plaintiff's Motion to Remand (ECF No. 14) and by converting Defendant's Motion to Dismiss into a motion for summary judgment. I find that my treatment of the motion to dismiss does not constitute a clear error of law. Plaintiff argues that "[r]emand, and not dismissal, was appropriate, as this Court lacks jurisdiction." *See* Motion for Reconsideration, at 4. Plaintiff is correct that "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for*

*a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). What Plaintiff fails to acknowledge, however, is that standing is also a threshold jurisdictional question. *Id.*, at 102 ("Having reached the end of what seems like a long front walk, we finally arrive at the threshold jurisdictional question: whether respondent, the plaintiff below, has standing to sue."); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Issues of subject-matter jurisdiction are not necessarily more fundamental than issues of standing. *Cf. Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999). "It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 585. The fact that a case has been removed from state court does not mandate the order in which the threshold issues must be resolved; "[t]he federal design allows leeway for sensitive judgments of this sort." *Id.* at 587. As such, I did not commit a clear error of law in granting Defendant's Motion to Dismiss rather than remanding the case to state court. Nor did I commit clear error of law by allowing a factual attack under Federal Rule of Civil Procedure 12(b)(1). A "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the document attached to Defendant's Motion to Dismiss, the La Ley Agreement, was central to Plaintiff's claim and was undisputed—in fact, it was simply an unredacted version of the Agreement Plaintiff itself had attached to the Complaint. I therefore find that I did not improperly convert Defendant's Motion to Dismiss into a motion for summary judgment and there was no clear error of law.

Second, Plaintiff contends that because the dismissal was "solely based on a pleading deficiency that can be corrected via an amendment that establishes Plaintiff received the requisite approval of the at-issue assignments," Plaintiff should have been given leave to amend. *See* ECF No. 67, at 1. Plaintiff asserts several legal arguments to support its assertion that it had FHCP's approval of Plaintiff as assignee or was otherwise validly assigned La Ley's rights to recovery. However, a Rule 59(e) motion cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Plaintiff

3

maintains that Defendant did not raise the "'FHCP Approval' provision in *any* of its Motions to Dismiss." *See* ECF No. 71, at 3. However, Defendant specifically addressed the terms of La Ley's assignment contract in its reply to its Motion to Dismiss. *See* ECF 49, at 4 ("[T]he Agreement's actual terms do, in fact, divest Plaintiff of standing to . . . bring the instant lawsuit."). Plaintiff did not seek leave to file a sur-reply, and Plaintiff cannot now bring up alternative theories or facts it could have addressed before.

Third, Plaintiff argues that there has been an intervening change in controlling law entitling it to rehearing or reconsideration. Plaintiff contends that the United States Court of Appeals for the Eleventh Circuit's decision in *MSP Recovery, LLC v. Allstate Insurance Company*, 835 F.3d 1351 (11th Cir. 2016), constitutes an intervening change in controlling law granting Plaintiff standing, thereby necessitating reconsideration of my Dismissal Order. Defendant responds that this is a gross mischaracterization of the circuit court's decision. I agree. In *Allstate*, the Eleventh Circuit held that the assignment in question was not prohibited by the Anti-Assignment Act, codified at 41 U.S.C. § 6305. *Allstate*, 835 F.3d at 1358. However, that was not the basis on which I dismissed Plaintiff's complaint. As a result, Plaintiff's argument that *Allstate* constitutes an intervening change in controlling law fails.

Plaintiff also argues that reconsideration is warranted based on an Endorsed Order Denying without Prejudice Defendant's Motion to Dismiss, *see MSPA Claims 1, LLC v. Nat'l Specialty Ins. Co.*, 16-CV-20375-JAL (S.D. Fla. Aug. 30, 2016) (ECF No. 50), and a Report and Recommendation issued in a similar case, *see MSPA Claims 1, LLC v. Nat'l Fire Ins. Co.*, 16-CV-20531-FAM (S.D. Fla. Sept. 26, 2016) (ECF No. 28). Neither the Order nor the Report and Recommendation constitute an intervening change in controlling law, even assuming they dealt with the "FHCP Approval" issue, which they do not. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

Furthermore, my Dismissal Order did not result in clear error or manifest injustice. In two other cases brought by Plaintiff in this district, *MSPA Claims 1, LLC v. Covington Specialty Insurance Company* and *MSPA Claims 1, LLC v. Tower Hill Prime Insurance Company*,

4

both courts denied Plaintiff's Motion for Leave to Amend, and Motion for Rehearing and/or Reconsideration. *See* 16-CV-20338-JAL, ECF No. 59; 16-CV-20459-KMM, ECF No. 53. Those motions also sought the court's reconsideration of an order dismissing the case for lack of standing on the basis that plaintiff had not pleaded facts alleging that FHCP had approved the assignment. The courts found that "although Plaintiff now seeks leave to amend the Complaint to cure what it labels a 'pleading deficiency,' it offers no factual support for its assertion that it was validly assigned FHCP's rights against Defendant prior to filing this Action." *See* Case No. 16-CV-20338-JAL, ECF No. 59, at 6 n.1; Case No. 16-CV-20459, ECF No. 53 (quoting *Covington*, Case No. 16-CV-20338-JAL, ECF No. 59). The courts found that there was no clear error of fact or law and denied plaintiff's motion. I reach the same conclusion here. Dismissing this case without prejudice does not result in manifest injustice sufficient to warrant the extreme remedy of reconsideration.

## IV. CONCLUSION

For the reasons discussed above, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Complaint, and Motion for Reconsideration and/or Rehearing (ECF No. 67) is **DENIED**. This case remains **CLOSED**.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 27th day of September 2017.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*